**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EVAN ORLANDO THOMAS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-085-GPM |
| LISA HOLLINGSWORTH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, Evan Orlando Thomas, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Thomas is not entitled to relief, and the petition must be dismissed.

**PROCEDURAL BACKGROUND**

Thomas was arrested in Henderson County, Kentucky, for possession of marijuana. He was convicted of that offense and sentenced to seven years imprisonment in state custody. His term of state imprisonment began on August 8, 2005. Before his state court conviction, Thomas was

arrested for trafficking in controlled substances. He pleaded guilty to federal charges involving distribution of cocaine on March 21, 2006, and was remanded to federal custody pending sentencing. On July 7, 2006, Thomas was sentenced to 188 months in federal custody. *United States v. Thomas*, Case No. 05-cr-00030-JHM (W.D. Ky., filed Oct. 5, 2005). Upon counsel's request, the federal judge agreed to run his federal sentence "concurrent to *undischarged state sentence* pursuant to U.S.S.G. § 5G1.3" (Doc. 1-2, p.2, emphasis added). Thereafter, Thomas was returned to state custody to complete service of his seven-year state sentence.

Thomas was paroled from his state sentence on January 10, 2007. Thomas states that the Bureau of Prisons ("the B.O.P.") determined that his federal sentence commenced on July 7, 2006, the day it was imposed. Accordingly, the B.O.P. granted him a total of 14 days credit (May 28-June 6, 2005, and August 1-7, 2005) for time spent in federal custody before imposition of his federal sentence.

## DISCUSSION

This case arises out of Thomas's misunderstanding of the phrase "run concurrently." Thomas argues that his state and federal sentences are to be ***fully*** concurrent. He believes the federal court intended his federal sentence to "commence" on the same date as his state sentence, even though the federal sentence was not imposed until almost one year after he began serving his state sentence. Thus, he argues that the B.O.P. should consider August 8, 2005, to be the date his federal sentence began, rather than July 7, 2006.

As explained to Thomas in his administrative remedies, he is entitled to receive credit against his federal sentence "for any time he has spent in official detention. . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b) (*see* Doc. 1-3, p. 4). Moreover, a federal sentence

commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thomas was not in federal custody on August 8, 2005, and thus his federal sentence could not commence on that date.

In summary, Thomas is not entitled to relief under § 2241, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 7/28/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge